RECEIVED
MAY 29 2015
ATTORNEY GENERAL'S OFFICE
SPOKANE – TIME 11:38

RECEIVED
MAY 29 2015
ATTORNEY GENERAL'S OFFICE
TORT CLAIMS DIVISION
SPOKANE

SUPERIOR COURT, STATE OF WASHINGTON, COUNTY OF SPOKANE

| | |
|---|---|
| LAURA MOLYNEAUX, a single individual,<br><br>    Plaintiff,<br>vs.<br><br>WASHINGTON STATE DEPARTMENT OF HEALTH, JACQUELINE ROWE, in her official capacity, WASHINGTON STATE DEPARTMENT OF SOCIAL AND HEALTH SERVICES, and JANE AND JOHN DOES #1-10,<br><br>    Defendants. | Case No.: 14-2-05025-3<br><br>AMENDED COMPLAINT FOR DAMAGES |

Plaintiff Laura Molyneaux, by and through Ryan M. Best of Best Law, PLLC complains of Defendants and alleges as follows:

### I. PARTIES, JURISDICTION, AND VENUE

1.1   Laura Molyneaux is a resident of Spokane County Washington.

1.2   Washington State Department of Health is a Washington State government agency.

1.3   Washington State Department of Social and Health Services is a Washington State government agency.

1.4   John and Jane Does #1-10 are employees of Washington State Department of Health and Washington State Department of Social and Health Services.

---

AMENDED COMPLAINT FOR DAMAGES - 1

BEST LAW PLLC
905 W RIVERSIDE, STE. 409
SPOKANE, WA 99201
PHONE:(509) 624-4422
FAX: (509) 703-7957

1.5 Per RCW 4.92.100 and 4.92.110, the notice of tort claim was served upon the Office of Risk Management on October 10, 2014, and date stamped received October 27, 2014.

1.6 Venue and jurisdiction is proper.

## II. FACTS

### A. Informal Disciplinary Action/Not To Be Construed as Finding

2.1 In 2003 a complaint was filed with the Department of Health (DOH) against Laura Molyneaux.

2.2 The DOH determined that there was minimal risk of potential or actual patient harm, no patterns of violations, and issued a Statement of Allegations (SOA) to Ms. Molyneaux (Exhibit 1).

2.3 The complaint was to be resolved by entry into a Stipulation to Informal Disposition (STID)(Exhibit 2).

2.4 This STID was not supposed to be a formal disciplinary action.

2.5 The DOH misrepresented to Ms. Molyneaux that the STID was in fact subject to the federal reporting requirements pursuant to Section 1128E of the Social Security Act.

2.6 At the time Ms. Molyneaux entered into the STID, Section 1128E (a) of the Social Security Act specifically excluded reporting of this STID (Exhibit 3).

2.7 As recently as 2013 the DOH knew that this informal STID was not subject to the federal reporting requirements (Exhibit 4).

2.8 The DOH was only required by law to provide public notice of formal enforcement actions not this informal disposition (Exhibit 4).

### B. Information Is Advertised on DOH Website Without Knowledge

2.9 When Ms. Molyneaux signed the Stipulation to Informal Disposition the DOH Provider Credentialing website did not exist.

2.10 Ms. Molyneaux could not and did not agree to the posting of the STID on the website.

2.11 Ms. Molyneaux was denied the opportunity to consider the potential damage of such a posting when she signed the STID.

AMENDED COMPLAINT FOR DAMAGES - 2

BEST LAW PLLC
905 W RIVERSIDE, STE. 409
SPOKANE, WA 99201
PHONE:(509) 624-4422
FAX: (509) 703-7957

2.12   DOH claims Ms. Molyneaux was notified of the posting on the non-existent website because the Stipulation to Informal Discipline stated that the STID is releasable to the public upon request pursuant to the Public Records Act, chapter 42.17 RCW (Exhibit 4).

2.13   Before the Provider Credential Search on-line system was established, the agency fulfilled these public disclosure requests manually (Exhibit 5).

2.14   The requests for disciplinary records are now fulfilled electronically (Exhibit 5).

2.15   The disciplinary records are not requested, they are posted (Exhibit 5).

2.16   They are posted because it saves time and money for both the agency and requestors (Exhibit 5).

2.17   Specific information regarding posting on the DOH website is contained within STID's today that was not included at the time Ms. Molyneaux signed her STID.

2.18   Ms. Molyneaux was never notified that her information would be publicized, without any public record request, on the new Provider Credential Search website that was not in existence until after she entered into the STID.

### C. Disqualifying Secretary's List of Crimes and Negative Actions Letter Generated to Every Prospective Employer

2.19   In 2007 the Department of Social and Health Services Background Check Central Unit (DSHS/BCCU) began reporting the DOH action on Ms. Molyneaux.

2.20   Ms. Molyneaux eventually learned of the posting on the DOH Provider Credentialing website, and worked diligently to have the information removed, concerned this was the source of her inability to gain employment.

2.21   In 2012, during a background check, Ms. Molyneaux learned of the disqualifying Secretary's List of Crimes and Negative Actions letter that was being generated to all prospective employers. (Exhibit 6).

2.22   Information regarding the disqualifying interim letter was found on the DSHS website (Exhibit 7).

2.23   None of the prior prospective employers (hiring entities) had given Ms. Molyneaux a copy of the interim letter as suggested in the attached exhibit (Exhibit 8).

AMENDED COMPLAINT FOR DAMAGES - 3

BEST LAW PLLC
905 W RIVERSIDE, STE. 409
SPOKANE, WA 99201
PHONE:(509) 624-4422
FAX: (509) 703-7957

2.24  Ms. Molyneaux had no knowledge of the disqualifying Secretary's List of Crimes and Negative Actions letter until 2012 (Exhibit 6).

2.25  The generating of the disqualifying Secretary's List of Crimes and Negative Actions to Ms. Molyneaux's prospective employers was illegal and wrongful.

2.26  Ms. Molyneaux has never been found to have abused a vulnerable adult, nor been prohibited from access to vulnerable adults by a final order.

2.29  DSHS admits on August 23, 2013 it automatically generates the disqualifying Secretary's List of Crimes and Negative Actions letter upon receipt of a report from DOH indicating it has taken some type of action against a licensed health care provider (Exhibit 8).

2.27  DSHS admits on August 23, 2013 the DOH action report does not show the type of action or the circumstances leading to the DOH action and still automatically generates the disqualifying Secretary's List of Crimes and Negative Action letter (Exhibit 8).

2.28  DSHS follows the same process for all DOH actions against licensed health care providers, even if the action is not related to abuse or neglect of vulnerable adults (Exhibit 8).

2.29  Ms. Molyneaux's DOH action was due to a charting error, not abuse or neglect (Exhibit 2).

D.  **DSHS/BCCU Fails to Apply DOH Overrides**

2.30  After several years of attempting to expunge her record, Ms. Molyneaux is approved for two DOH overrides on September 9, 2013 (Exhibit 9).

2.31  On April 30, 2014, Ms. Molyneaux was approved for the third DOH override which had finally become available (Exhibit 10).

2.32  With the DOH overrides, Ms. Molyneaux will still have a record; however, the overrides prevent the disqualifying Interim Letter from being sent to the prospective employers.

2.33  Ms. Molyneaux should have been able to apply for any job, pass the background check, and gain employment.

AMENDED COMPLAINT FOR DAMAGES - 4

BEST LAW PLLC
905 W RIVERSIDE, STE. 409
SPOKANE, WA 99201
PHONE:(509) 624-4422
FAX: (509) 703-7957

2.34 Due to a DSHS/BCCU data entry error, Ms. Molyneaux's overrides were not applied; interim letters were sent instead and Ms. Molyneaux was disqualified from those positions (Exhibit 11).

2.35 These overrides were negligently ignored in 2014.

**E.  Information Reported to National Practitioner Data Bank is Wrong/False**

2.36 On May 6, 2013, the Healthcare Integrity and Protection Data Bank (HIPDB) and the National Practitioner Data Bank merged (Exhibit 12).

2.37 The National Practitioner Data Bank (NPDB) is now one large, all-encompassing central data bank for all reports made against healthcare professionals (Exhibit 12).

2.38 All information once held in the HIPDB has been transferred to the NPDB (Exhibit 12).

2.39 The National Council of State Boards of Nursing serves as the NPDB reporting and querying agent for the majority of the U.S. boards of nursing (Exhibit 13).

2.40 The exchange of discipline information is incorporated into the function of the larger and more extensive system, Nursys (Exhibit 13).

2.41 Nursys reports that Ms. Molyneaux was disciplined for substandard or inadequate care, that there was a restriction on her license, and was fined. (Exhibit 14).

2.42 All of the information reported to and by Nursys is false and reported with improper codes (Exhibit 15).

2.43 The false information reported to the HIPDB, NPDB and Nursys was reported by the Washington State Department of Health Nursing Quality Assurance Commission. (Exhibit 14 & 16).

2.44 Ms. Molyneaux did not know about the false information and coding until 2012 when she applied for an out-of-area position and was denied.

### III.  CAUSES OF ACTION

Claimant hereby seeks recovery pursuant to the following causes of action and RCW 4.92.090:

AMENDED COMPLAINT FOR DAMAGES - 5

BEST LAW PLLC
905 W RIVERSIDE, STE. 409
SPOKANE, WA 99201
PHONE:(509) 624-4422
FAX: (509) 703-7957

3.1 <u>Defamation</u>

The Defendants have made false, misleading, unprivileged statements that have damaged the Plaintiff. These statements violate the legislature's intent to impose a duty of care on the Department of Health and Department of Social and Health Services Background Check Central Unit. A special relationship exists between Plaintiff and Defendants by the creation of the STID and these Defendants individual interactions with Plaintiff subsequent to the STID.

3.2 <u>Defamation per se</u>

The Defendants have made false, misleading statements that have resulted in harm to the Plaintiff. Defendants continue to this day to defame Plaintiff. These statements violate the legislature's intent to impose a duty of care on the Department of Health and Department of Social and Health Services Background Check Central Unit. A special relationship exists between Plaintiff and Defendants by the creation of the STID and these Defendants individual interactions with Plaintiff subsequent to the STID.

3.3 <u>Breach of Stipulation to Informal Disposition/ Breach of Contract/ Equitable remedies/Breach of Quasi-contract</u>

Defendants have violated obligations made to Plaintiff in the STID that have resulted in harm to the Plaintiff. The breach of these obligations violates the legislature's intent to impose a duty of care on the Department of Health and Department of Social and Health Services Background Check Central Unit. A special relationship exists between Plaintiff and Defendants by the creation of the STID and these Defendants individual interactions with Plaintiff subsequent to the STID.

3.4 <u>Outrage/Negligent Infliction of Emotional Distress</u>

Defendants have, through their negligent and reckless conduct, caused physical harm to the Plaintiff and emotional distress demonstrated by physical manifestations. This conduct violates the legislature's intent to impose a duty of care on the Department of Health and Department of Social and Health Services Background Check Central Unit. A special relationship exists between Plaintiff and Defendants by the creation of the STID and these Defendants individual interactions with Plaintiff subsequent to the STID.

BEST LAW PLLC
905 W RIVERSIDE, STE. 409
SPOKANE, WA 99201
PHONE:(509) 624-4422
FAX: (509) 703-7957

3.5    Invasion of Privacy/ Breach/Intrusion on Private Seclusion

Defendants, by publicly listing private details without authorization, violated Plaintiff's privacy. Further, Defendants linked Plaintiff's name to untrue facts in public databases. This breach violates the legislature's intent to impose a duty of care on the Department of Health and Department of Social and Health Services Background Check Central Unit. A special relationship exists between Plaintiff and Defendants by the creation of the STID and these Defendants individual interactions with Plaintiff subsequent to the STID.

3.6    Tortious Interference with Business/Employment Expectancies

Defendants interfered with Ms. Molyneaux's nursing career, the Defendants had knowledge of Ms. Molyneaux's nursing career, the interference was intentional and resulted in the loss of employment for Ms. Molyneaux for several years, and the interference was improper and negligent. As a result of this interference, Ms. Molyneaux was damaged. This interference violates the legislature's intent to impose a duty of care on the Department of Health and Department of Social and Health Services Background Check Central Unit. A special relationship exists between Plaintiff and Defendants by the creation of the STID and these Defendants individual interactions with Plaintiff subsequent to the STID.

3.7    42 USC § 1983 violation of 14th Amendment rights to due process

Through DOH and DSHS conduct described in this complaint, the agencies acted under color of state law in depriving Ms. Molyneaux of rights protected by the Constitution and laws of the United States damaging Ms. Molyneaux.

The agencies deliberately flouted the law, trammeling Ms. Molyneaux's liberties and property rights, particularly but not limited to Ms. Molyneaux's nursing license and professional livelihood.

By entering into a Stipulation with the Department of Health, Ms. Molyneaux properly exhausted all administrative remedies.

## IV.    DAMAGES

4.1    Plaintiff as a result of the Defendants conduct has been damaged.

4.2    Plaintiff has lost wages as a result of her inability to work as a nurse.

AMENDED COMPLAINT FOR DAMAGES - 7

BEST LAW PLLC
905 W RIVERSIDE, STE. 409
SPOKANE, WA 99201
PHONE:(509) 624-4422
FAX: (509) 703-7957

4.3 Plaintiff has been forced to rely upon assistance from family members for monetary support.

4.4 Ms. Molyneaux, unable to gain employment in the nursing field, incurred educational expenses returning to college for re-training.

4.5 Ms. Molyneaux has incurred medical expenses for counseling services.

## V. REQUEST FOR RELIEF

WHEREFORE, plaintiff Laura Molyneaux, prays for judgment against defendants in such an amount under the circumstances of the case as are just, equitable, and proper to include but not be limited to the following:

1. For judgment in favor of Laura Molyneaux against the defendants for all injuries and damages sustained by them in amounts to be proven at trial;

2. For judgment in favor of Laura Molyneaux for reasonable litigation costs and fees incurred herein, pre and post interest, attorney fees, the statutory attorney fee; and

3. For such other and further relief as the court deems just and proper.

DATED this 29th day of May, 2015.

BEST LAW PLLC

By: _____
Ryan Best, WSBA #33672
Attorney for Plaintiff

AMENDED COMPLAINT FOR DAMAGES - 8

BEST LAW PLLC
905 W RIVERSIDE, STE. 409
SPOKANE, WA 99201
PHONE:(509) 624-4422
FAX: (509) 703-7957

## CERTIFICATE OF SERVICE

I do hereby certify that on this 29 day of May, 2015, I caused to be served a true and correct copy of the foregoing document, to the following:

| | |
|---|---|
| X  HAND DELIVERED | Washington State Attorney General |
| ___ OVERNIGHT MAIL | Spokane Office |
| ___ U.S. MAIL | Attn: Amy Clemmons |
| ___ VIA FACSIMILE | 1116 W Riverside |
| | Spokane, WA 99201 |

_____
Alex Livingston
Paralegal to Ryan M. Best

AMENDED COMPLAINT FOR DAMAGES - 9

BEST LAW PLLC
905 W RIVERSIDE, STE. 409
SPOKANE, WA 99201
PHONE:(509) 624-4422
FAX: (509) 703-7957