1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| 9 LAURA MOLYNEAUX, a single<br>10 individual,<br>11             Plaintiffs,<br>12       v.<br>13 WASHINTON STATE DEPARTMENT<br>14 OF HEALTH; JACQUELINE ROWE, in<br>her official capacity; WASHINGTON<br>15 STATE DEPARTMENT OF SOCIAL<br>16 AND HEALTH SERVICES; and JANE<br>AND JOHN DOES #1-10,<br>17<br>18             Defendants.<br>19 | No. 2:15-cv-00147-SAB<br><br>**ORDER RE MOTIONS ON<br>THE PLEADINGS** |

   Before the Court is a panoply of motions from both parties regarding the minutiae of the Complaint and Answer. These motions tax the Court's resources and are of the type that counsel should be able to resolve without the Court's involvement. The Court reminds the parties to review the Local Rules regarding civility towards opposing counsel. The pending motions are Plaintiff's Motion to Strike Defendants' Alleged Affirmative Defenses 1-16 and 20-22, ECF No. 31, Defendants' Motion to Dismiss § 1983 Claims for Damages, ECF No. 37, and Plaintiff's Motion for Leave to File Third Amended Complaint. ECF No. 40. The

**ORDER RE MOTIONS ON THE PLEADINGS** # 1

Court denies the motion to strike, denies the motion to dismiss, and grants the motion for leave to file an amended complaint.

First, Plaintiff moves to strike nearly all of Defendants' asserted affirmative defenses under Federal Rule of Civil Procedure 12(f). ECF No. 31. Rule 12(f) permits a court to strike from "any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The purpose of a Rule 12(f) motion is to avoid the costs that arise from litigating spurious issues by dispensing with those issues prior to trial. *Sidney–Vinstein v. A.H. Robins Co.,* 697 F.2d 880, 885 (9th Cir.1983). An affirmative defense pleading is "insufficient" under Rule 8(c) if it fails to give the opposing party "fair notice of the nature of the defense pleaded." *See Wyshak v. City National Bank,* 607 F.2d 824, 827 (9th Cir.1979).

In their Amended Answer, Defendants provided an exhaustive laundry list of affirmative defenses. This, unfortunately, has become a common but unhelpful defense tactic. The Court is sympathetic to the frustration and arguments presented by the plaintiff, but despite this buckshot approach, the Court finds it probable that at least many of the affirmative defenses Defendant presents are sufficient to provide fair notice of the nature of the defense. The federal pleading standards are liberal and defendants need not present their defenses in a fully developed manner, just as plaintiffs need not present the entirety of their facts and arguments in a complaint. Because the Court grants Plaintiff's motion to file another amended complaint, *infra*, it need not analyze each affirmative defense for sufficiency. Defendants will need to respond to the forthcoming Third Amended Complaint so Plaintiff's motion to strike is rendered moot.

Second, Defendants move to dismiss Plaintiff's 42 U.S.C. § 1983 claims for damages for failure to state a claim under Rule 12(b)(1) and 12(b)(6). ECF No. 37. Defendants contend they are entitled to dismissal of these claims because Plaintiff,

**ORDER RE MOTIONS ON THE PLEADINGS** # 2

in her Second Amended Complaint, listed all the Defendants "in [his or her] official capacity[ies]" and therefore, Defendants are not suable "persons" under § 1983.

In response, Plaintiff filed her motion for leave to file her Third Amended Complaint. ECF No. 40. Plaintiff's response to Defendants' motion to dismiss was substantially similar to her motion for leave. Plaintiff wants to amend her complaint to include listing the defendants in both official and individual capacities. Defendants counter by arguing that the amended complaint would be futile, prejudicial, made in bad faith, and lacking the support of any alleged facts. The thrust of Defendants' argument is that Plaintiff's factual allegations only include official capacity actions, rather than personal capacity actions. In other words, Defendants claim that simply naming Defendants in both their official and individual capacity is still insufficient to support § 1983 damages at the pleading stage. This argument is thoroughly meritless. There is no such distinction between official-capacity actions and personal-capacity actions as they relate to what "persons" may be sued under § 1983. *See Hafer v. Melo*, 502 U.S. 21, 26 (1991) ("[T]he phrase "acting in their official capacities" is best understood as a reference to the capacity in which the state officer is sued, not the capacity in which the officer inflicts the alleged injury."). Indeed, this was the question presented in *Hafer v. Melo*, a Supreme Court case that Defendants cited.

Leave to file an amended complaint should be liberally given. Fed. R. Civ. P. 15(a); *DCD Program, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987). Reasons for denying leave to amend include bad faith, undue delay, prejudice to the opposing party, and futility. *See Leighton*, 833 F.2d at 186. In this case, the claims do not appear to be brought in bad faith, will not unduly delay the litigation—as the deadline to amend pleadings or add parties is still several months away—and the new claims may be viable. Accordingly, the Court grants leave to

**ORDER RE MOTIONS ON THE PLEADINGS** # 3

Plaintiff to file the Third Amended Complaint and denies Defendants' motion to dismiss § 1983 claims.

Accordingly, **IT IS ORDERED:**

1. Plaintiff's Motion to Strike Defendants' Alleged Affirmative Defenses 1-16 and 20-22, ECF No. 31, is **DENIED** as moot.
2. Defendants' Motion to Dismiss § 1983 Claims for Damages, ECF No. 37, is **DENIED**.
3. Plaintiff's Motion for Leave to File Third Amended Complaint, ECF No. 40, is **GRANTED**.

**IT IS SO ORDERED.** The District Court Clerk is hereby directed to enter this Order, provide copies to counsel, docket the Third Amended Complaint, ECF No. 40-4, and adjust the caption as necessary.

**DATED** this 10th day of February 2016.



_____
Stanley A. Bastian
United States District Judge

**ORDER RE MOTIONS ON THE PLEADINGS** # 4