THE HONORABLE STANLEY A. BASTIAN

Ryan Best
WSBA # 33672
BEST LAW, PLLC
905 W. Riverside, Ste. 409
Spokane, WA 99201
Telephone: (509) 624-4422
Email: ryan.best@bestlawspokane.com

Michael B. Love
WSBA # 20529
MICHAEL LOVE LAW
905 W. Riverside, Ste. 404
Spokane, WA 99201
Telephone: (509) 212-1668
Email: mike@michaellovelaw.com

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| LAURA MOLYNEAUX, a single individual,<br><br>Plaintiff,<br><br>v.<br><br>WASHINGTON STATE DEPARTMENT OF HEALTH; JOHN WIESMAN, in his individual and official capacity; JACQUELINE ROWE, in her individual and official capacity; PAMELA MENA, in her individual and official capacity; JULIA CARPENTER, in her individual and official capacity; WASHINGTON STATE DEPARTMENT OF SOCIAL AND HEALTH SERVICES; KEVIN W. QUIGLEY, in his individual and official capacity; STACY GRAFF, in her individual and official capacity; and JANE AND JOHN DOES #1-10, in their individual and official capacities,<br><br>Defendants. | NO. 2:15-CV-00147<br><br>~~PROPOSED~~ THIRD AMENDED COMPLAINT |

PROPOSED THIRD AMENDED COMPLAINT            1

Plaintiff Laura Molyneaux, through Ryan M. Best of Best Law, PLLC and Michael B. Love of Michael Love Law complains of Defendants and alleges as follows:

## I. PARTIES, JURISDICTION, AND VENUE

1.1 Laura Molyneaux is a resident of Spokane County Washington.

1.2 Washington State Department of Health (DOH) is a Washington State government agency.

1.3 Washington State Department of Social and Health Services (DSHS) is a Washington State government agency.

1.4 Jacqueline Rowe, at the time of the alleged occurrence, was an employee of DOH acting in individual and official capacities.

1.5 Pamela Mena, at the time of the alleged occurrences, was an employee of the DOH acting in individual and official capacities.

1.6 Julia Carpenter, at the time of the alleged occurrences, was an employee of the DOH acting in individual and official capacities.

1.7 Stacy Graff, at the time of the alleged occurrences, was an employee of DSHS acting in individual and official capacities.

1.8 Kevin W. Quigley is the Secretary of the Department of Social and Health Services acting in individual and official capacities.

1.9 John Wiesman is the Secretary of the Department of Health acting in individual and official capacities.

1.10 John and Jane Does #1-10 are employees of DOH and DSHS or other Washington State agencies acting in individual and official capacities.

1.11 Plaintiff has exhausted administrative remedies.

1.12 Per RCW 4.92.100 and 4.92.110, the notice of tort claim was served upon the Office of Risk Management on October 10, 2014, and date stamped received October 27, 2014.

1.13 The natural person Defendants listed in this complaint are listed as Defendants in their official capacities for prospective injunctive relief under 42 U.S.C. §1983 and for the tort claims and other forms of relief.

1.14 The natural person Defendants listed in this complaint are listed as Defendants in their individual capacities pursuant to *Ex Parte Young*, 209 U.S. 123 (1908) and its successor cases (*See Hafer v. Melo,* 502 U.S. 21, 112 S.Ct. 358 (1991)).

1.15 Venue and jurisdiction is proper.

## II.    FACTS

2.1 In April of 2003, a complaint was filed with the DOH against Ms. Molyneaux.

2.2 On December 2, 2003, the DOH's Nursing Care Quality Assurance Commission (NCQAC) sent a Statement of Allegations and Summary of Evidence to Ms. Molyneaux.

2.3 A Stipulation to Informal Disposition (STID) accompanied the aforementioned documents for resolution of the allegations.

2.4 A STID is a settlement agreement where the parties agree to certain sanctions before the hearing process.

2.5 Ms. Molyneaux signed the STID on December 9, 2003(See Exhibit 1).

2.6 Ms. Molyneaux's STID contained no findings or admissions of liability.

2.7 NCQAC accepted the STID on February 5, 2004.

2.8 Section 1128E of the Social Security Act, referenced in Ms. Molyneaux's STID, outlines reporting requirements of disciplinary actions regarding nurses.

2.9 Section 1128E of the Social Security Act excludes from reporting "settlements in which no findings or admissions of liability have been made" such as STIDs.

2.10 The final regulations governing the Healthcare Integrity and Protection Data Bank (HIPDB) at the time Ms. Molyneaux signed the STID were 45 CFR §61.

2.11 The STID Ms. Molyneaux entered into with the DOH, was not reportable to the HIPDB in 2004 when accepted by NCQAC on February 5, 2004.

2.12 On February 25, 2005, the DOH sent correspondence to Ms. Molyneaux indicating, "Your file has been closed and there are no further requirements by the Commission regarding this matter."

2.13 On March 21, 2006, proposed rule changes were made to reporting requirements regarding disciplinary actions taken against healthcare providers.

2.14 The Department of Health and Human Services followed rulemaking procedures, as outlined by §553(c) of the Administrative Procedure Act and published notice of the proposed rule(s) in the Federal Register.

2.15 The proposed rule change intended to incorporate statutory requirements under section 1921 of the Social Security Act.

2.16 Section 1921 required reporting of licensure actions taken against physicians and dentists to the National Practitioner Data Bank (NPDB) expand to match the reporting requirement of HIPDB.

2.17 The change made the reporting of adverse actions by all State licensure and certification authorities identical for both the NPDB and the HIPDB.

2.18 There was no increased reporting burden for the medical and dental boards.

2.19 This expansion matched the State reporting requirements to the HIPDB under section 1128E of the Social Security Act.

2.20 Disciplinary information previously collected and disclosed through the HIPDB was collected and disclosed through the NPDB.

2.21 This regulatory action consolidated the collection and disclosure of information from both data banks into 45 CFR §60.

2.22 Section 6403 of the Affordable Care Act, the statutory authority for this regulatory action, was designed to eliminate duplicative data reporting and access requirements between the HIPDB (established under section 1128E of the Social Security Act) and the NPDB.

2.23 As a result of this regulatory action, STID's became reportable to the NPDB interpreted as "negative actions" defined in 45 CFR §60.3, the regulations which govern the NPDB.

2.24 The proposed rule change did not require or authorize state medical boards to create any new information.

2.25 It was determined the rule change would not significantly affect the rights, roles, and responsibilities of State or local governments because the actions reported under section 1921 were already being reported to the HIPDB under 1128E.

2.26 Complaints filed with the DOH from 1996 to 2006, against registered nurses, resolved with Statement of Allegations and entry into STIDs were not reported per 45 CFR§61 and would not exist following the rule change.

2.27 At some time following the proposed ruled change on March 21, 2006, John and Jane Does # 1-10, individually and under color of state law, caused or ordered their subordinates to construe the allegations contained within STID's referenced in paragraph 2.26, into reports of false findings. To the extent any law, may have authorized this conduct such a law is unconstitutional- violating due process, equal protection, and an unlawful taking of a professional license without compensation. (See Exhibits 1, 2, and 3).

2.28 At some time following the proposed rule change on March 21, 2006, John and Jane Does # 1-10 individually and under color of state law, created or had their subordinates create reports of false findings against registered nurses referenced in paragraph 2.26 for reporting to the HIPDB.

2.29 Ms. Molyneaux's STID, and the allegations within it, were intentionally misconstrued and reported as false findings to the HIPDB following the proposed rule change on March 21, 2006.

2.30 At some time following the proposed rule change on March 21, 2006, Pamela Mena, in her individual capacity and acting under color of state law, submitted the report of false findings against Ms. Molyneaux to the HIPDB.

2.31 At some time following the proposed rule change on March 21, 2006, Julia Carpenter, in her individual capacity and acting under color of state law, submitted the report of false findings against Ms. Molyneaux to the HIPDB.

2.32 The individual Secretaries, Defendants Kevin W. Quigley and John Wiesman, in their individual and official capacities, have willfully and intentionally, under color of state law, failed to or failed to have their subordinates correct these false findings since becoming aware of them.

2.33 Existence of this false report is confirmed by the Department of Social and Health Services Background Check Central Unit (DSHS/BCCU) who began reporting the disciplinary findings against Ms. Molyneaux on October 1, 2007.

2.34 The false report of findings created a new, unsubstantiated record that would transfer from the HIPDB to the NPDB once the new rule was effective and the HIPDB ceased to exist.

2.35 The report of disciplinary findings signifies Ms. Molyneaux had a hearing and was found "guilty" without Due Process and thus her constitutional rights were violated by Defendants.

2.36 The report of disciplinary findings brands Ms. Molyneaux as a criminal.

2.37  The report of disciplinary findings results in Ms. Molyneaux having an unfounded "conviction" during background checks.

2.38  Having a conviction generates the Secretary's List of Crimes and Negative Action letter that was sent to every one of Ms. Molyneaux's prospective employers during background checks.

2.39  The Secretary's List of Crimes and Negative Action letter informs the prospective employer Ms. Molyneaux is automatically disqualified as a candidate for that position.

2.40  From information obtained from NURSYS, the DOH reported disciplinary findings of substandard or inadequate care against Ms. Molyneaux.

2.41  Ms. Molyneaux never had a hearing as she entered an agreement by which the DOH agreed no "findings" against her were to exist.

2.42  Ms. Molyneaux was never found guilty of anything. No findings were ever made.

2.43  Other registered nurses who entered into STID's from 1996 to 2006 had findings reported by the DOH to the HIPDB that transferred to the NPDB (See Exhibits 2 and 3).

2.44  The report of disciplinary findings, as to Ms. Molyneaux and others, were made with the knowledge of falsity, not authorized by the proposed rule change, were in bad faith, were illegal, were not within the discretionary authority of any of the officials involved, and violated Ms. Molyneaux's and others right to Due Process and their property interests in their professional nursing license.

2.45  Ms. Molyneaux has a published conviction of a crime listed on the Secretary's List of Crimes and Negative Action as a result of the false

DOH report of disciplinary findings intentionally created by John and Jane Does # 1-10 and reported by Pamela Mena and/or Julia Carpenter in 2007.

2.46  Transfer of information from the HIPDB to the NPDB began on or about May 6, 2013.

2.47  DSHS/BCCU employees conspired to deprive Ms. Molyneaux of her right to Due Process and property interest.

2.48  Stacy Graff, in an individual capacity and acting under color of state law, stated the disqualifying Secretary's List of Crimes and Negative Action letter was generated because the STID was reported as "other" to the HIPDB.

2.49  Stacy Graff, in her individual and official capacity and acting under color of state law, has acknowledged the disqualifying Secretary's List of Crimes and Negative Action letter is a result of disciplinary findings.

2.50  John and Jane Does # 1-10, in their individual and official capacities and acting under color of state law, stated the disqualifying Secretary's List of Crimes and Negative Action letter is a result of disciplinary findings.

2.51  Ms. Molyneaux's disciplinary wasn't coded as "other" until June 5, 2015 in response to this present lawsuit.

2.52  The appearance of "other" on the NURSYS site is mere visual effect and does not alter the report of "findings" to the HIPDB.

2.53  Prospective employers that utilize the NPDB for hiring purposes will continue to access false findings reported by the DOH in 2007.

2.54  To remedy the report of disciplinary findings, certain DOH programs allow for an "override" to the DOH action.

2.55  The overrides stop the generation of the disqualifying Secretary's List of Crimes and Negative Action letter. Ms. Molyneaux was approved for

PROPOSED THIRD AMENDED COMPLAINT                9

Home and Community Services and Developmental Disabilities Administration overrides on September 9, 2013 and Residential Care Services override on April 30, 2014.

2.56 Due to mis-entry of Ms. Molyneaux's social security number by John and Jane Does # 1-10 employed by DSHS/BCCU, acting in their individual capacity, those overrides were not applied, resulting in the Secretary's List of Crimes and Negative Action letter being sent to prospective employers resulting in further loss of employment for Ms. Molyneaux.

2.57 John and Jane Does # 1-10, in their individual and official capacities, acting under color of state law, failed to apply overrides and failed to correct overrides in response to Plaintiff's repeated inquiries.

2.58 All information regarding registered nurses is reported to the HIPDB, NPDB, and NURSYS by the State of Washington Department of Health Nursing Care Quality Assurance Commission.

2.59 At the time of the report of disciplinary findings to the HIPDB, Ms. Molyneaux was not amidst any disciplinary process. Ms. Molyneaux's file was closed on February 5, 2005.

2.60 At the time of the report of disciplinary findings to the HIPDB, the proposed rule changes did not require or authorize state medical boards to create any new information.

2.61 At the time of the report of disciplinary findings the actions to be reported under the proposed rules were already being reported under the existing rule covered in section 1128E of the Social Security Act.

## III. CAUSES OF ACTION

Claimant hereby seeks recovery pursuant to the following causes of action and RCW 4.92.090. All causes of action listed below incorporate paragraphs 1.1 through 2.61 by reference as if pled verbatim herein.

### First Cause of Action

### Defamation

3.1 The Defendants have made false, misleading, unprivileged statements that have damaged the Plaintiff.

3.2 These statements violate the legislature's intent to impose a duty of care on the Department of Health and Department of Social and Health Services Background Check Central Unit.

3.3 A special relationship exists between Plaintiff and Defendants by the creation of the STID and these Defendants individual interactions with Plaintiff subsequent to the STID.

### Second Cause of Action

### Defamation per se

3.4 The Defendants have made false, misleading statements that have resulted in harm to the Plaintiff.

3.5 Defendants continue to this day to defame Plaintiff.

3.6 These statements violate the legislature's intent to impose a duty of care on the Department of Health and Department of Social and Health Services Background Check Central Unit.

3.7 A special relationship exists between Plaintiff and Defendants by the creation of the STID and these Defendants individual interactions with Plaintiff subsequent to the STID.

## Third Cause of Action

## Breach of Stipulation to Informal Disposition

## Breach of Contract/Equitable remedies/Breach of Quasi-contract

3.8   Defendants have violated obligations made to Plaintiff in the STID that have resulted in harm to the Plaintiff.

3.9   The breach of these obligations violates the legislature's intent to impose a duty of care on the Department of Health and Department of Social and Health Services Background Check Central Unit.

3.10  A special relationship exists between Plaintiff and Defendants by the creation of the STID and these Defendants individual interactions with Plaintiff subsequent to the STID.

## Fourth Cause of Action

## Outrage/Negligent Infliction of Emotional Distress

3.11  Defendants have, through their negligent, reckless, and willful conduct, caused physical harm to the Plaintiff and emotional distress demonstrated by physical manifestations.

3.12  This conduct violates the legislature's intent to impose a duty of care on the Department of Health and Department of Social and Health Services Background Check Central Unit.

3.13  A special relationship exists between Plaintiff and Defendants by the creation of the STID and these Defendants individual interactions with Plaintiff subsequent to the STID.

## Fifth Cause of Action

### Invasion of Privacy/ Breach/Intrusion on Private Seclusion

3.14  Defendants, by publicly listing private details without authorization, violated Plaintiff's privacy.

3.15  Further, Defendants linked Plaintiff's name to untrue facts in public databases.

3.16  This breach violates the legislature's intent to impose a duty of care on the Department of Health and Department of Social and Health Services Background Check Central Unit.

3.17  A special relationship exists between Plaintiff and Defendants by the creation of the STID and these Defendants individual interactions with Plaintiff subsequent to the STID.

## Sixth Cause of Action

### Tortious Interference with Business/Employment Expectancies

3.18  Defendants interfered with Ms. Molyneaux's nursing career, the Defendants had knowledge of Ms. Molyneaux's nursing career, the interference was intentional and resulted in the loss of employment for Ms. Molyneaux for several years, and the interference was improper, in compliance with no law, the act done intentionally, or in the alternative done with conscious indifference or negligence.

3.19  As a result of this interference, Ms. Molyneaux was damaged. This interference violates the legislature's intent to impose a duty of care on the Department of Health and Department of Social and Health Services Background Check Central Unit and individual Defendants known and unknown in their individual capacities.

PROPOSED THIRD AMENDED COMPLAINT    13

3.20 A special relationship exists between Plaintiff and Defendants by the creation of the STID and these Defendants individual interactions with Plaintiff subsequent to the STID.

### Seventh Cause of Action

### 42 USC § 1983 violations of 5th and 14th Amendment rights to due process, equal protection, unlawful takings, and other constitutional violations and violations by individual actors exceeding their legal and constitutional authority

3.21 Through conduct described in this complaint, Pamela Mena, Julia Carpenter, Stacy Graff, Kevin W. Quigley, John Wiesman, and John and Jane Does # 1-10 acted in an individual capacity under color of state law in depriving Ms. Molyneaux of rights protected by the Constitution and laws of the United States damaging Ms. Molyneaux.

3.22 The agencies deliberately flouted the law, trammeling Ms. Molyneaux's liberties and property rights, particularly but not limited to Ms. Molyneaux's nursing license and professional livelihood. By entering into a Stipulation with the Department of Health, Ms. Molyneaux properly exhausted all administrative remedies. By entering into a STID, DOH/DSHS and their employees waived immunity and are bound by the STID.

3.23 The acts described in this complaint occurred through the acts of Pamela Mena, Julia Carpenter, Stacy Graff, and John and Jane Does # 1-10 acting in their individual capacities.

3.24 Liability is sought to the extent that these individuals intentionally, recklessly, or through conscious indifference, exceeded the law and thus

acted in each of their individual capacities. Further, the state of mind of the Defendants justifies punitive damages.

3.25  In the alternative, if state or federal law is found to require the reporting of false information, these laws should be declared unconstitutional as violation of the Fifth and Fourteenth Amendment right to due process, equal protection of the law, and an illegal taking of Ms. Molyneaux's property interest in her professional license without proper compensation.

### Eighth Cause of Action
### RCW 7.24.010 et seq. /28 U.S.C. 2201 Declaratory, Injunctive, Common Fund Damages, and for associated equitable relief

3.26  Ms. Molyneaux seeks declarative and injunctive relief under RCW 7.24.010 et seq. and 28 U.S.C. 2201 to enforce both provisions of the 2003 agreement between her and the Defendants and to conform Defendants' behavior to that agreement.

3.27  Ms. Molyneaux further seeks declaratory judgment and injunctive relief as Defendants' actions in regard to Section 1128E of the Social Security Act. This section required that only certain final adverse actions, not including settlements in which no findings of liability have been made, be reported to the Healthcare Integrity and Protection Data Bank.

3.28  DOH, DSHS and each of its agents/employees, should be required to report only disciplinary actions against health care providers that include findings as required by law. They further should be ordered to reverse the prior reporting.

3.29  Ms. Molyneaux asserts an equitable common benefit/common fund cause of action as the relief/order/ruling sought will benefit all registered nurses

who were improperly reported to the Health Care Integrity and Protection Data Bank.

3.30  Ms. Molyneaux seeks declaratory judgment/injunctive relief against Defendants as their conduct in falsely reporting fabricated findings against her and others to the Health Care Integrity and Protection Data Bank violated and continues to violate the Washington State Constitution, particularly but not limited to, Article I, Section 3 Personal Rights which states, "No person shall be deprived of life, liberty, or property without due process of law."

3.31  Ms. Molyneaux seeks recovery under the above statutes, common law, and equity for the damages associated with the Defendants' wrongful conduct and failure to comply with the law, specifically Section 1128E of the Social Security Act.

3.32  Defendants have reported and continue to report false information regarding Ms. Molyneaux. These actions have harmed and continue to harm Ms. Molyneaux. This dispute is one greatly imputing the health care system and providers within it.

3.33  Upon information and belief, registered nurses who entered into stipulations without adverse "findings" have been reported to the Health Care Integrity and Protection Data Bank as if adverse findings had been determined through a process utilizing a tribunal or other trier-of-fact.

3.34  To the extent any statute is relied upon by the Defendants to justify the false reporting of findings and the damage caused, Ms. Molyneaux seeks a determination that such law is unconstitutional under the Washington State Constitution as a violation of due process and a taking without just compensation.

3.35  The natural person Defendants are alleged to have acted in their official and individual capacities as to this cause of action.

## IV.  DAMAGES

4.1  Plaintiff as a result of the Defendants' conduct has been damaged.

4.2  Plaintiff has lost and continues to lose wages as a result of her inability to work as a nurse.

4.3  Plaintiff has been forced to rely upon assistance from family members for monetary support.

4.4  Ms. Molyneaux, unable to gain employment in the nursing field, incurred educational expenses returning to college for re-training.

4.5  Ms. Molyneaux has incurred medical expenses for counseling services.

4.6  Ms. Molyneaux has incurred attorney fees, costs, and loss of reputation.

4.7  The individual Defendants acted with intent, malice, or in the alternative reckless and callous indifference to the constitutional rights of others, including Ms. Molyneaux, such that punitive damages should be awarded.

## V.  REQUEST FOR RELIEF

WHEREFORE, plaintiff Laura Molyneaux, prays for judgment against defendants in such an amount under the circumstances of the case as are just, equitable, and proper to include but not be limited to the following:

5.1  For judgment in favor of Laura Molyneaux against the defendants for all injuries and damages, including attorney fees, costs, and punitive damages, sustained by her in amounts to be proven at trial;

5.2  For judgment in favor of Laura Molyneaux for reasonable litigation costs and fees incurred herein, pre and post interest, attorney fees, the statutory attorney fee, attorney fees awarded pursuant to 42 U.S.C. §1988;

5.3 For injunctive and declaratory relief for Laura Molyneaux including a ruling that her STID should never have been reported, that allegations as to any registered nurse should not be reported as "findings", that Defendants' conduct violated federal and state rights, for the creation of a common fund, and injunctive/declaratory relief barring further illegal/unconstitutional activity; and

5.4 For such other and further equitable and legal relief as the court deems just and proper.

DATED this __8th__ day of January, 2016.

BEST LAW, PLLC

s/Ryan Best
RYAN BEST, WSBA # 33672
Attorney for Plaintiff
905 W. Riverside Avenue, Suite 409
Spokane, WA 99201
Telephone: 509-624-4422
Fax: 509-703-7957
E-mail: ryan.best@bestlawspokane.com

MICHAEL LOVE LAW

s/Michael B. Love
MICHAEL B. LOVE, WSBA # 20529
Attorney for Plaintiff
905 W. Riverside Avenue, Suite 404
Spokane, WA 99201
Telephone: 509-212-1668
E-mail: mike@michaellovelaw.com

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will notify

Amy Clemmons, WSBA# 22997
1116 W. Riverside Avenue, Suite 100
Spokane, WA 99201-1106

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

DATED this __8th__ day of January, 2016.

                                         s/Ryan Best
                                  RYAN BEST, WSBA # 33672
                                  Attorney for Plaintiff
                                  905 W. Riverside Avenue, Suite 409
                                  Spokane, WA 99201
                                  Telephone:  509-624-4422
                                  Fax:  509-703-7957
                                  E-mail: ryan.best@bestlawspokane.com